| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 9:18-CR-16 |
| § | |
| KEVIN MICHAEL PITMAN § | |

## MEMORANDUM AND ORDER

Pending before the court is Kevin Michael Pitman's ("Pitman") *pro se* Motion for Early Termination of Supervised Release (#6). United States Probation and Pretrial Services ("Probation") recommends that the court deny Pitman's motion. Having considered the motion, Probation's report, the record, and the applicable law, the court is of the opinion that Pitman's motion should be denied.

I.  Background

On June 26, 2015, Senior United States District Judge Joseph F. Bataillon in the District of Nebraska sentenced Pitman to 48 months' imprisonment, followed by a 5-year term of supervised release, for Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On January 11, 2018, Pitman completed his term of imprisonment and began serving his term of supervision in the Eastern District of Texas, Lufkin Division. On April 6, 2018, Pitman's conditions of supervised release were modified to include a condition for mental health treatment and medication monitoring. On April 10, 2018, jurisdiction of Pitman's case was transferred to the Eastern District of Texas and assigned to United States Senior District Judge Ron Clark (#1). Pitman previously filed two motions to terminate supervised release (#s 2, 4), which were both denied. On April 1, 2022, Pitman's case was reassigned to the undersigned.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018).  Early termination of supervised release is not an entitlement.  *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).  Instead, the defendant bears the burden of demonstrating that early termination is warranted.  *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018).  Early termination "is not warranted as a matter of course."  *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018).  "To the contrary, it is only 'occasionally' justified."  *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

---

[1] Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim.  18 U.S.C. § 3553(a).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *accord Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011)); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the *conduct of the defendant* did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)) (emphasis in original); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms

of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 67014769, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 67014769, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Pitman's post-release conduct does not warrant early termination of his 5-year term of supervised release. Although he provides the court with a list of several

4

commendable achievements and goals, Pitman's desire to travel to larger markets within the State of Texas in relation to his job as a User Experience and User Interface (UX/UI) Designer is not a new or exceptional circumstance. As noted by Probation, Pitman's employment is primarily computer-based, and he has indicated that he prefers to work remotely or from home. Pitman provides no specific examples or information as to how supervised release is negatively impacting his employment opportunities. Probation points out that while Pitman "has lost a couple of employment opportunities, they were not a result of his conditions of supervised release, but rather the result of his instant conviction and sex offender status."

Moreover, although Pitman currently appears to be complying with his terms of supervised release, he previously violated his conditions of release when he failed to secure employment in a timely manner. According to Probation, he also "displayed passive resistance, an apathetic attitude, and was dismissive of the sex offender treatment program." Under these circumstances, the court finds that Pitman would likely benefit from continued supervision. For instance, Pitman is required to participate in sex offender treatment. His Licensed Sex Offender Treatment Provider reported risk factors that led to the commission of the instant offense, such as depression, anxiety, boredom, and lack of social connections. Despite his reported compliance with mandatory treatment, Probation notes that Pitman still has no social connections. Additionally, Pitman is required to have computer monitoring software installed on his computer to ensure his compliance with the terms and conditions of his supervised release. Having this software installed on Pitman's computer helps deter him from accessing sexually explicit material.

Thus, although Pitman appears to be on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters

future criminal conduct, and provides needed structure for his continued rehabilitation. Given the nature of his offense, his previous failure to comply with supervised release conditions, and his continued lack of social connections, early termination would not be in the interest of justice.

III.    Conclusion

Accordingly, Pitman's *pro se* Motion for Early Termination of Supervised Release (#6) is DENIED.

SIGNED at Beaumont, Texas, this 28th day of June, 2022.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE